IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW DRISKEL,

    Plaintiff,    No. CIV S-06-1140 FCD KJM P

  vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.    <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 4, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's complaint is a rambling, unfocused document combining claims of fraud and bribery in the legislative process with Latin phrases ("ipsissima verba"). It appears that plaintiff is challenging the provisions of the Penal Code which allow inmates assigned to conservation camps to earn additional credits against their sentences. However, plaintiff also discusses a provision of the California Business and Professions Code regarding business licenses for barbers and cosmetologists. Accordingly, the court cannot evaluate the merits of plaintiff's claim.

Plaintiff brings this action not only under 42 U.S.C. § 1983, but also under 18 U.S.C. § 242, the criminal statute which makes it a crime to deprive a person of his civil rights. This statute has no application in a civil suit. Garrison v. Newell, 55 F.R.D. 550, 552 (W.D. Va.

1972). Any claims based on this statute have no place in an amended complaint.

Plaintiff alleges that the difference in credit earning capacity violate his rights to due process and equal protection; he includes claims that his Fourth Amendment right to bodily integrity and his Eighth Amendment right to be free of cruel and unusual punishment are also violated by these statutes.

Plaintiff does not explain nor can the court surmise how a system of awarding work credits can violate his Fourth Amendment right to bodily integrity, which is a very limited right in the prison context. See generally Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988). Plaintiff should not include any Fourth Amendment claims in an amended complaint.

The basis of plaintiff's Eighth Amendment claim is similarly vague. To the extent he challenges the restrictions on his inability to earn credits and the resulting impact on the length of his sentence, he has not stated a claim under the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72 (2003). This claim should not be included in any amended petition.

It appears that plaintiff has made very few changes in the original complaint, none of which have rendered the complaint any more comprehensible. As a model of concise pleading, the court directs plaintiff to the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

    1. Allegation of jurisdiction.

    2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

    3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars

Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

/////

1         The court has determined that the amended complaint does not contain a short and
2 plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal
3 Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements
4 of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th
5 Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which
6 defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply
7 with the requirements of Federal Rule of Civil Procedure 8(a)(2), the amended complaint must
8 be dismissed.  The court will, however, grant leave to file a second amended complaint.

9         If plaintiff chooses to file a second amended complaint, plaintiff must
10 demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
11 constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second
12 amended complaint must allege in specific terms how each named defendant is involved.  There
13 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
14 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
15 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
16 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
17 civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
18 1982).

19         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
20 order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that
21 an amended complaint be complete in itself without reference to any prior pleading.  This is
22 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
23 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
24 original pleading no longer serves any function in the case.  Therefore, in a second amended
25 complaint, as in an original complaint, each claim and the involvement of each defendant must
26 be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED:  April 9, 2007.

_____
U.S. MAGISTRATE JUDGE

2

dris1140.14amd

5